[Civ. No. 1995.   Second Appellate District.—September 12, 1916.]

## JENNIE EATON et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

COSTS—REPORTER'S ˙TRANSCRIPT—APPEAL.—Where a judgment is affirmed on appeal, the respondent is not entitled· to recover the amount paid for the reporter's transcript of the testimony taken at the trial, which was obtained solely for the purpose of assisting respondent's counsel in the preparation of amendments to a bill of exceptions proposed by the appellant on its motion for a new trial in the superior court.

ID.—COST OF PRINTING ANSWER TO PETITION FOR REHEARING—WHEN NOT ALLOWABLE.—Where a judgment affirmed on appeal had become final prior to the going into effect of the amendment of 1913 to section 1027 of the Code of Civil Procedure, allowing the costs of printing briefs to a limited amount as part of the costs on appeal, the respondent is not entitled to the cost of printing her brief in answer to the petition of the appellant for a hearing of the appeal in the supreme court after decision by the district court of appeal, notwithstanding the provision of section 1034 of such code that the time for filing a memorandum of costs on appeal is limited to begin after the filing of the *remittitur* in the superior court.

ID.—TIME OF ACCRUAL OF COSTS.—The right of the prevailing party to recover any costs on appeal is obtained by virtue of the judgment as rendered, and this necessarily includes the assumption that he is to have those costs and only those costs to which he is entitled by law at the time of the rendition of such judgment.

APPEAL from an order of the Superior Court of Santa Barbara County taxing costs.   Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

Richards & Carrier, John J. Squier, and John William Heaney, for Respondents.

CONREY, P. J.—Upon a former appeal by the defendant in this case the judgment was affirmed (22 Cal. App. 461, [134 Pac. 801]).   The judgment on appeal was rendered July 7, 1913; became final August 6, 1913; an application for a rehearing in the supreme court was denied within thirty

days thereafter; a *remittitur* from this court went down to the superior court on September 8, 1913. Thereafter respondent filed her memorandum of costs, and appellant applied to the superior court for an order to strike out the memorandum of costs on the ground that the same had been illegally filed, and also demanded that certain items in the cost bill be stricken out upon the ground that they are not legally allowable as costs of the appeal. The items in dispute are: (1) One hundred and four dollars paid for a reporter's transcript of the testimony taken at the trial and which respondent claims as an expense "for transcript of testimony used by plaintiffs in preparing record on appeal and amendments to defendant's bill of exceptions used upon appeal." (2) Ten dollars and eighty cents claimed by respondent as cost of printing answer to defendant's petition for a rehearing in the supreme court. This appeal is by the defendant from an order denying said motion.

By an amendment to section 1027 of the Code of Civil Procedure relating to costs on appeal, which amendment became effective on the tenth day of August, 1913, it is provided as a part of that section that "the party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal and the preparation of the record for the appeal, including the costs of printing briefs; provided, however, that no amount shall be allowed as costs of printing briefs in excess of fifty dollars to any one party."

The record on this appeal shows that the reporter's transcript was obtained by respondent solely for the purpose of assisting her counsel in the preparation of amendments to a bill of exceptions proposed by the defendant on its motion for a new trial in the superior court. The expense thus incurred was purely an expense in the conduct of the case in the superior court, and was not a part of the preparation of the record for the appeal. Therefore the item in question cannot be allowed even if, as contended by respondent, her right to costs is governed by the amendment of section 1027. (*Bank of Woodland* v. *Hiatt,* 59 Cal. 580.)

With respect to the other item, it is necessary to determine whether respondent's right to costs on appeal accrued prior to August 10, 1913, or subsequent thereto. The general rule is that the right to costs accrues at the time when the judg-

ment is rendered, notwithstanding that the judgment has not become final or that entry thereof has been stayed. (Code Civ. Proc., sec. 1033.) Respondent claims, however, that her right to costs on appeal did not accrue until the *remittitur* was sent down to the superior court. This contention is based upon section 1034 of the Code of Civil Procedure, from which it appears that whenever costs are awarded to a party by an appellate court the time within which he may file in the superior court a memorandum of those costs is limited to begin after the filing of the *remittitur*. It seems to us, however, that since the right of the prevailing party to recover any costs on appeal is obtained by virtue of the judgment as rendered, this necessarily includes the assumption that he is to have those costs, and only those costs, to which he is entitled by law at the time of the rendition of such judgment. A judgment on appeal, like a judgment of a trial court, has the force and effect of a judgment from the time of its entry. The fact that within a limited time thereafter a rehearing may be ordered, while it may suspend the operation of the judgment, does not in the meantime deprive the judgment of its inherent attributes as an act of the court, any more than one could say that a judgment of the superior court is no judgment until it has become final. It follows that in the present case respondent is not entitled to recover the cost of printing her brief in answer to the petition for a rehearing in the supreme court.

The order taxing costs and allowing the items above mentioned is reversed, and it is directed that the superior court enter an order disallowing the said items.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1916.