[Civ. No. 2511.  First Appellate District, Division One.—February 15, 1919.]

## R. H. COUNTRYMAN, Respondent, v. CALIFORNIA TRONA COMPANY (a Corporation), Appellant.

COSTS—APPEAL — TRANSCRIPT OF TESTIMONY — IMPROPER ITEM.—Payments to the official court reporter, by the successful plaintiff in the superior court, for a transcript of the testimony obtained for the purpose of assisting plaintiff's counsel in the preparation of amendments to a bill of exceptions, prepared by the defendant on its motion for a new trial in the superior court, are an expense in the conduct of the case in the superior court and not a part of the record for the appeal, and not allowable as costs on appeal, although the bill of exceptions may have been used on the appeal from the judgment.

APPEAL from an order of the Superior Court of Alameda County.  T. W. Harris, Judge.  Reversed.

The facts are stated in the opinion of the court.

Charles W. Slack, Chauncey S. Goodrich and Perry Evans for Appellant.

Chapman & Trefethen and R. H. Countryman for Respondent.

WASTE, P. J.—On a former appeal by the defendant in this action the judgment of the lower court was sustained. (35 Cal. App. 728, [170 Pac. 1069].)  Upon the going down of the *remittitur* the plaintiff duly filed a memorandum of his costs on appeal.  A motion to have the costs taxed was made by defendant, which motion was denied and defendant appeals.

The memorandum of costs is entitled "Memorandum of Costs and Disbursements on Behalf of Plaintiff on Appeal from Judgment, Including the Order Denying Motion for New Trial," and the item therein objected to is as follows:

"1914, April 15.  To amount actually expended by plaintiff and respondent in connection with the appeal to the Supreme Court of the State of California, from the judgment herein, and including the order denying defendant's motion for a

new trial, and the preparation of the record for the said appeal, and actually used in preparing amendments to the proposed bill of exceptions of defendant for use upon said appeal, said amount being paid to J. H. W. Riley, official court reporter of said Superior Court . . . $352.80.''

The judgment in the cause appealed from was entered in favor of plaintiff on April 3, 1914. Defendant gave notice of its intention to move for a new trial on April 11, 1914, and appealed from said judgment on April 21, 1914. It thus appears from the record that the item of cost in question was a disbursement actually made before any appeal taken.

The notice of intention to move for a new trial specified that said motion would be made ''upon affidavits to be made, served, and filed, and upon a bill of exceptions to be thereafter prepared, served and settled.'' Within the time allowed by law, and the stipulation of the parties such bill of exceptions was prepared and settled, and was the one bill of exceptions used on the motion for a new trial (which was denied), on the appeal from the judgment and on the appeal from the order denying a new trial. It is headed, ''Bill of Exceptions of Defendant on Its Motion for a New Trial and on Its Appeal from Said Judgment.''

From the foregoing record appellant contends that the question of the right to recover, as cost of appeal, the amount shown by the item attacked, is to be decided adversely to the plaintiff on the authority of *Turner* v. *East Side Canal etc. Co.*, 177 Cal. 570, [171 Pac. 299], and *Eaton* v. *Southern Pacific Co.*, 31 Cal. App. 379, [160 Pac. 687]. In the latter case one of the items of the cost bill in dispute was $104 paid for a reporter's transcript of the testimony taken at the trial and which respondent there claimed as an expense ''for transcript of testimony used by plaintiffs in preparing record on appeal and amendments to defendant's bill of exceptions used upon appeal.'' The record on the appeal in that case, as here, showed that the reporter's transcript was obtained for the purpose of assisting counsel for the plaintiff in the preparation of amendments to a bill of exceptions prepared by the defendant on its motion for a new trial in the superior court. The appellate court held that ''the expense thus incurred was purely an expense in the conduct of the case in the superior court, and was not a part of the preparation of the record on

the appeal," and therefore could not be allowed. (*Eaton v. Southern Pacific Co., supra.*)

So here, as in the case just cited, while there is no denial of the statement concerning the item of disbursement contained in the verified memorandum of costs, the record discloses that the payment was made after notice of motion for a new trial in the court below (which specified that said motion would be made in part upon a bill of exceptions) and before any appeal taken. Although the bill of exceptions may have been prepared in anticipation of being used, and apparently was used, on the appeal from the judgment, as was done in the Eaton case (*supra*), under the ruling of that case, as affirmed by the unanimous decision of the supreme court in *Turner* v. *East Side Canal etc. Co., supra,* the expense of such preparation must be held to be an expense in the conduct of the case in the superior court and not a part of the record for the appeal.

The order appealed from is reversed, with directions to the court below to disallow the item of $352.80 paid to J. H. W. Riley, official court reporter of said superior court, and to tax plaintiff's costs on said appeal at the sum of $50.50.

Kerrigan, J., and Richards, J., concurred.