[Civ. No. 12533. First Dist., Div. One. May 1, 1944.]

A. J. TREAT, Respondent, v. ROBERT CLARENCE OGDEN, Appellant.

Robert Clarence Ogden, in pro. per., for Appellant.

Thomas C. Nelson and Meurice Swim for Respondent.

KNIGHT, J.—The defendant appeals from an order denying his motion to tax plaintiff's costs on appeal. The motion was heard and determined on affidavits, and the appeal is presented on a bill of exceptions.

The action was for an accounting on dissolution of a partnership. Both parties were dissatisfied with the judgment and appealed. The judgment was affirmed (*Treat* v. *Ogden*, 56 Cal.App.2d 70 [132 P.2d 493]) and the remittitur provided that plaintiff recover his costs on the appeal taken by defendant, and that the latter recover his costs on the appeal taken by plaintiff. It does not appear from the record whether the defendant filed any cost bill; but in due course plaintiff filed his bill which contained three items; and defendant's motion to tax was directed against all three. However, on this appeal no complaint is made as to the second and third items.

The first item is as follows: "Copy of Clerk's Transcript containing 124 pages and Reporter's Transcript containing 1081 pages, a total of 1205 pages containing an estimated 3012.5 folios at 10c per folio . . . $301.25."

The facts relating to the preparation of the transcripts are these: On April 7, 1941, defendant gave notice of appeal from certain portions of the judgment, and on the same day filed a proposed bill of exceptions. On April 11th plaintiff gave notice of appeal from the whole judgment and requested the preparation of a reporter's transcript in accordance with the provisions of section 953a of the Code of Civil Procedure. Prior to the entry of judgment the parties had obtained and paid for transcripts of much of the evidence. At the time plaintiff ordered his transcript for his appeal he paid the reporter $300 on account, and the latter agreed that in making up the transcript he would use the portions theretofore obtained and paid for by plaintiff. Later it was ascertained that the cost of the completed transcript would be much more than had been estimated; it was also learned that the larger portion of the record as already transcribed was in the possession of the defendant; therefore, after considerable negotiations with defendant, the parties agreed that they would present their respective appeals in a single transcript. Thereupon defendant abandoned his bill of exceptions and in accordance with the agreement he turned over to the reporter those portions of the transcript then in his possession, and paid the reporter $120 as his share of the cost of the completed transcript; also before the transcript was completed plaintiff paid the reporter an additional $20; so that the

total sum paid to the reporter by both parties after judgment was $440, of which plaintiff paid $320 and the defendant $120; and as shown by the uncontradicted affidavit filed by the reporter, this total sum of $440 covered the cost of preparing the original of the reporter's transcript, the clerk's transcript, and one copy of each, all of which, so the reporter's affidavit states, were "supplied to the plaintiff."

■ It is defendant's contention that the sum of $320 thus paid by plaintiff was in furtherance of plaintiff's own appeal, which he lost, and that consequently no portion thereof is recoverable from defendant; whereas it seems to be plaintiff's contention that the entire sum of $320 was paid by him as a necessary expense in resisting the appeal taken by defendant. Neither contention is tenable, for it is apparent that if plaintiff's position were to be sustained, it would mean that defendant would be compelled to pay the entire cost of preparation of the transcript for plaintiff's appeal, which plaintiff lost; whereas if defendant's position were to be sustained, it would mean that plaintiff would recover nothing as costs in resisting defendant's appeal. Since, therefore, each party paid said sums of money for the dual purpose of furthering his own appeal and resisting the appeal of the other, the most that either would be entitled to recover as costs from the other would be one-half of the amount he paid the reporter; which in plaintiff's case would be $160. The allowance of $301.25 for the first item should be reduced accordingly.

■ Whatever sums of money may have been paid to the reporter by either party for the portions of the transcripts obtained by them prior to judgment are not recoverable as costs on appeal. (*Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570 [171 P. 299]; *Countryman* v. *California Trona Co.*, 39 Cal.App. 753 [180 P. 22].)

In accordance with the conclusions above stated, it is ordered that the first item of plaintiff's cost bill be allowed for $160, and that in all other respects the order denying the motion to tax costs be affirmed. It is further ordered that on this appeal each party pay his own costs.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied May 31, 1944, and appellant's petition for a hearing by the Supreme Court was denied June 29, 1944.