[Sac. No. 2742.   In Bank.—February 20, 1918.]

## ELIZABETH TURNER, Administratrix, etc., et al., Respondents, v. EAST SIDE CANAL & IRRIGATION COMPANY (a Corporation), Appellant.

Costs—What Statute Applicable to Costs on Appeal.—The right to recover costs exists solely by virtue of statute. The general rule is that their recovery is governed by the statute in force at the time the right to have them taxed accrued. As to costs on appeal, this time is the time of the rendition of judgment on appeal.

Id.—Printing Briefs.—Section 1027 of the Code of Civil Procedure, as amended in 1913, allowing as part of the costs on appeal the cost of printing briefs on appeal, is applicable in the case of an appeal decided after the amendment, notwithstanding that at the time the briefs were printed and filed the amendment had not been made and there was no law authorizing the recovery of any part of the expense thereof as costs.

Id.—Cost of Record on Appeal—Use of Party's Own Transcript Obtained During Trial.—As to cost of record on appeal, section 1027 of the Code of Civil Procedure, confines the recovery to "amounts actually paid out . . . in connection with said appeal and the preparation of the record for the appeal." This does not include any part of the cost of obtaining a daily transcript of the testimony during the progress of the trial, although the party, by arrangement with the reporter, may use his transcript so obtained in making up the record on appeal.

APPEAL from an order of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James F. Peck, and Charles W. Byrnes, for Appellant.

Edward F. Treadwell, Frank H. Short, and George F. Buck, for Respondents.

ANGELLOTTI, C. J.—On an appeal by the plaintiffs in this action the part of the judgment appealed from was reversed (168 Cal. 103, [142 Pac. 69]).   Upon the going down of the *remittitur* the plaintiffs filed a memorandum of their costs on appeal.   A motion to have costs taxed by the court was made by defendant, and this motion was denied.

We have here an appeal by defendant from the order denying this motion.

The appeal presents the question of the right of plaintiffs to recover as costs of the appeal the amounts shown by two items of the memorandum of costs.

The statute in force at the time the decision of reversal by this court was rendered (June 29, 1914) was, so far as material, as follows:

"The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal and the preparation of the record for the appeal, including the costs of printing briefs; provided, however, that no amount shall be allowed as costs of printing briefs in excess of fifty dollars to any one party." (Code Civ. Proc., sec. 1027.)

The memorandum of costs included an item of $50, being part of the cost of printing plaintiffs' brief on their appeal. The objection to this item is that at the time the brief was printed and filed there was no law authorizing the recovery of any part of the expense thereof as costs. After such filing, and prior to our decision of reversal, the statute was amended to read as hereinbefore set forth. Defendant's claim is that the statute may not be read as applicable to briefs printed and filed prior to the taking effect of the amendment. Precisely the situation here presented was presented in *Cain* v. *French,* 29 Cal. App. 725, [156 Pac. 518]. On the theory that costs are but an incident of a judgment, and that the rule pertaining to their allowance may be changed or modified by statute during the pendency of the proceeding, it was held by the district court of appeal of the first district that the statute in force at the time the judgment on the appeal is given controls, and that the party was therefore entitled to recover the cost of printing the brief, not exceeding $50. A petition for a hearing in this court was denied. That costs are but an incident to the judgment has many times been declared, as it was in *Begbie* v. *Begbie,* 128 Cal. 154, [49 L. R. A. 141, 60 Pac. 667], where it was also said that their recovery is governed by the statute in force at the time the right to have them taxed accrued. This appears to be the general rule. In so far as costs on appeal are concerned this time, as was held in *Eaton* v. *Southern Pacific Co.,* 31 Cal. App. 379, [160 Pac. 687], is the

time of the rendition of the judgment on appeal. We think the question presented was correctly decided in *Cain* v. *French, supra.* It follows that the lower court did not err in allowing this item.

The other item was one of $882,60, being for

"Preparing Record on Appeal.

"Transcript of testimony, 8,826 folios at 10 cts. . . . 882.60."

It sufficiently appears from the affidavit of one of the plaintiffs' attorneys that no amount whatever was actully paid out, or, indeed, any pecuniary liability incurred, in the matter of this transcript of testimony at any time after the judgment appealed from was given, or, so far as appears, with any view to taking any appeal. At the time of the trial, which, according to the affidavit, commenced in the year 1906, the trial court ordered the testimony written up at the expense of the parties for the purposes of the trial, and plaintiffs at the same time ordered an extra copy for their own use, thereby obtaining the same at one-half the rate charged for a single copy. The amount charged and then paid by plaintiffs to the shorthand reporter for this extra copy was $882.60, and it is this payment that plaintiff seeks to recover as costs of appeal. Subsequently the judgment was given against plaintiffs and they, in due time, took their appeal. On that appeal plaintiffs presented the record provided by sections 953a et seq. of the Code of Civil Procedure (enacted in 1907), which includes a transcription of the notes of the shorthand reporter of the proceedings at the trial, certified by him and settled by the judge. To procure such a record which will be available for use on an appeal it is essential that the party preparing to appeal shall, within a specified time after judgment, file a demand for the preparation of the same, in pursuance of which the reporter transcribes his notes and certifies the same, being paid by such party the charge allowed by law therefor. Such a payment, of course, can be recovered as a cost of appeal, being an amount actually paid out in the preparation of the record on appeal. In the case at bar the plaintiffs, having made the demand, arranged with the reporter to use, in making up his transcript, their copy which they had obtained and paid for during the trial. This was done, and, as we have said, it sufficiently appears that nothing whatever was paid out by plaintiffs on account thereof. It would have cost double

the amount to have had the reporter prepare a new transcript in the usual way for the purposes of the appeal, and the whole thereof would have been recoverable as costs. Defendant has not waived, by stipulation or otherwise, the right to object to this item of alleged costs. The question is whether, under these circumstances, the original cost of the transcript to the plaintiffs can be recovered by them as costs of appeal.

We are satisfied that in view of the language of our statute (Code Civ. Proc., sec. 1027), and notwithstanding much apparent reasonableness in plaintiffs' claim, this question must be answered in the negative. The right to recover costs exists solely by virtue of statute (*Begbie* v. *Begbie,* 128 Cal. 154, [49 L. R. A. 141, 60 Pac. 667]), and warrant for their recovery must be found in some statute. In the absence of statutory authorization, it cannot avail that under the circumstances of a particular case it appears to a court that a charge is, as matter of fact, fair and reasonable. Our statute regarding this matter is plain and unambiguous, and, clearly confines the recovery of costs of appeal to "amounts *actually paid out . . . in connection with said appeal and the preparation of the record for the appeal,* including the costs of printing briefs," etc. We are utterly at a loss to see how, upon the facts here shown, it can reasonably be held that, in so far as this transcript is concerned, any amount was "actually paid out," either "in connection with said appeal," or in "the preparation of the record for the appeal." By reason of the fact that plaintiffs at the time the judgment against them was given already had a transcript of the proceedings of the trial, and were able to arrange with the reporter without cost to them to certify that transcript, they were put to no cost whatever by reason of the appeal, in so far as the preparation of a record for the appeal was concerned. The *record for the appeal* under section 953a, in so far as the reporter's transcript is concerned, is the transcript furnished by him in response to the legal demand therefor made after judgment and within the time and in the manner specified in the section. When the record is prepared under this section, it is the money that the appellant is *actually compelled to pay out* to obtain *this* record that he is entitled to recover. If perchance he is able, by arrangement with the reporter, to so utilize in the preparation

of the reporter's transcript material that he had acquired before judgment and then owns, that the reporter's charge will be lessened or, as here, entirely obviated, so much the better for all parties, for him in the event that he loses on appeal and for the adverse party in the event that he wins. But the original cost of that material is not an expense to which he was put by reason of the appeal (*Bank of Woodland* v. *Hiatt,* 59 Cal. 580), and was not money actually paid out in connection with the appeal or in the preparation of the record for the appeal. While the facts are somewhat different, the expense of this transcript was just as much "purely an expense in the conduct of the case in the superior court and . . . not a part of the preparation of the record for the appeal," as was the transcript in *Eaton* v. *Southern Pacific Co.,* 31 Cal. App. 379, [160 Pac. 687], and this altogether regardless of whether it was a legitimate item of costs in that court. It was not a cost of appeal. In view of the plain language of our statute we cannot adopt the view enunciated in *Akerly* v. *Vilas,* 23 Wis. 628. It follows from what we have said that the item in question should not have been allowed.

There is no force in the claim that the cost bill was not properly verified.

The order appealed from is reversed, with directions to the court below to disallow the item of $882.60 for transcript of testimony, and to tax plaintiffs' costs on said appeal at the sum of $80.75.

Wilbur, J., Melvin, J., Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.,* and Richards, J., *pro tem.,* concurred.