[Civ. No. 3223.   Third Appellate District.—October 14, 1927.]

H. O. NEWBERRY, Respondent, v. W. E. EVANS et al., Appellants.

W. F. Cowan and A. W. Hollingsworth for Appellants.

Barrett & McConnell, R. M. Barrett, and C. W. Anderson for Respondent.

PLUMMER, J.—Upon a former action between the above-entitled parties the judgment in favor of the plaintiff therein was reversed by this court. Upon the going down of the *remittitur* the appellants in the action just referred to and the appellants in this matter filed their cost bill which included an item of $289.90 charged as reporter's fees in making up the record to be used on appeal in said cause, as provided for by section 953a of the Code of Civil Procedure. Thereupon the plaintiff in said action and the respondent upon this appeal filed his motion to retax the cost bill filed by the appellants, moving to strike out said item of $289.90. The motion was made upon the following grounds, to wit: That such item is improper, not legal, unreasonable, excessive, and further, that an order of the court was never secured or made directing the preparation of said transcript for use on appeal in said case, or otherwise, and that such transcript on appeal was prepared and made up at the request of the said parties without any order of court or legal authority therefor. Upon the hearing of said motion the trial court struck out the item of $289.90, and it was from this order that the defendants appealed.

The record presented on this appeal shows that on the seventeenth day of November, 1924, the appellants herein filed a notice with the clerk of the superior court of Sonoma County, stating the fact of their appeal from the judgment entered against them in said cause, as referred to herein, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, etc., constituting all matters to which the same related, be made up and prepared. That thereafter, and on December 1, 1924, the phonographic reporter filed with the clerk of said court a typewritten transcript of the record to be used on the appeal from said judgment, including therein copies of all writings offered or received in evidence and all other matters and things required by said notice to be contained therein. That on the third day of De-

cember, 1924, the trial judge who presided at said cause certified that he had examined said transcript and that it was a full, fair, and true transcript, etc., of said cause . . . and the same was thereupon settled and allowed by said trial judge. That on the fourth day of December, 1924, said transcript was filed by the clerk of said superior court and forwarded to the clerk of the court of the third appellate district, and used upon said appeal. That said transcript was prepared according to the terms and provisions of section 953a of the Code of Civil Procedure. On the tenth day of February, 1926, the judgment of the trial court in said cause was reversed by said court of appeal and the appellants in said action were allowed to recover their costs. That upon the going down of the *remittitur,* the appellants herein served and filed their memorandum of costs, which included, among other items, the amount paid the phonographic reporter for making up the typewritten copy of the proceedings in the trial court and constituting the record on appeal. The original case referred to herein is entitled *Newberry* v. *Evans et al.,* 76 Cal. App. 492 [245 Pac. 227].

The record before us does not show that the trial court ever made any order in the original action, as is made its duty by the first sentence of the second paragraph of section 953a of the Code of Civil Procedure. It is apparently upon the lack of this order that the trial court disallowed the item of costs incurred by the appellants in making up the record on appeal in the manner and form provided for by section 953a of the Code of Civil Procedure. The record discloses that the appellants took all the steps that they were legally required to take in order to secure a typewritten copy of the proceedings in the trial court to make up a transcript which would constitute the record to be used upon appeal and which was actually settled and allowed by the trial court. The first paragraph of said section of the Code of Civil Procedure directs what an appellant should do, to wit: File his notice with the clerk, stating the fact of his appeal from the judgment and setting forth all that the appellant desires to have included in the transcript, and requesting that the phonographic reporter make up such a record. This must be done within a certain length of time, all of which appears to have been done in

this case. Thereupon, the second paragraph of said section applies, which reads as follows: "Upon receiving said notice it shall be the duty of the court to require the stenographic reporter thereof to transcribe fully and completely the phonographic report of the trial. The stenographic reporter shall, within twenty days after said notice has been filed with the clerk, prepare a transcript of the phonographic report of the trial," etc. After this is done and the phonographic reporter has filed his transcript with the clerk, notice is given by the clerk to the respective parties, when it will be presented to the trial judge for settlement, and settlement had. The section does not specify that anyone shall serve the notice on the trial judge. It simply reads: "Upon receiving said notice," not, that anyone shall serve the same upon the trial judge. The section then further provides that the stenographic reporter shall, within twenty days after said notice has been filed with the clerk, prepare the record; not, that the stenographic reporter shall, within so many days after being directed so to do by the trial court, prepare a stenographic report. ■ It is the legal duty of a stenographic reporter to prepare the record within twenty days after the notice has been filed with the clerk. This duty is none the less incumbent upon the phonographic reporter whether the trial court does or does not make any order in the matter. The code section specifically places this obligation upon the phonographic reporter, and the typewritten copy of the proceedings had in the trial court made in pursuance of the notice given as provided for in the first paragraph, when settled by the court, constitutes the record on appeal just as fully and completely, to all intents and purposes, as though the trial court had added to the legal duty, already incumbent upon the phonographic reporter, its order to follow the statute.

■ Having complied with all the requirements of section 953a of the Code of Civil Procedure relative to making up the transcript on appeal required by said section to be done and performed by an appellant, are the appellants entitled to recover the costs of the phonographic reporter's fees, even though the record does not show any order of the court directing the reporter to transcribe the testimony? Basing its decision upon the *Estate of Gallo*, 71 Cal. App. 352 [235 Pac. 66], the trial court disallowed such item

of expenditure. The facts and circumstances in the Gallo case are, however, distinguishable from the facts and circumstances which we are here considering. In the Gallo case the record was made up under the old procedure and not in accordance with section 953a of the Code of Civil Procedure. In the transcript in the Gallo case the following appears: "It was conceded, and taken as true at said hearing that the court had made no order for the transcript; that said transcript was ordered by plaintiff's attorney, and was made after entry of judgment herein, and was actually used only for the sole purpose of enabling plaintiff's attorney to prepare plaintiff's Bill of Exceptions, to be, and actually used as a part of their record on appeal." In other words, the Gallo case involved the allowance of costs for an attorney's private copy of the testimony which was not made the record on appeal, but which private copy was used by the appellant's attorney in making up the bill of exceptions. Thus, it appears that the facts in the Gallo case and the facts in this case are readily distinguishable. In the Gallo case, what was there said as applying to a private copy ordered by counsel, we think a correct statement of the law, but inapplicable here. In the Gallo case the court says: "Section 1027 of the Code of Civil Procedure is the latest expression of the legislature but does not repeal the provisions of section 274 of the Code of Civil Procedure requiring the party ordering a transcript without the order of court to pay for the same. Construing these two sections together, we must conclude that the statute allows all costs actually incurred by the prevailing party in preparation of the record on appeal, except in the absence of an order of court, where the party himself orders the transcript, he must pay for the same. The only way to properly charge the expense of a transcript as costs on appeal is to obtain an order of court pursuant to section 274 of the Code of Civil Procedure." A number of cases are then cited which refer to bills of exceptions on appeals prepared and taken under the old method. It will be observed that the provisions of section 953a of the Code of Civil Procedure are not construed in the Gallo case. In fact, that section was not involved in that action, as the proceeding was entirely outside of and separate and apart from the method of preparing records on appeal set forth in section 953a

of the Code of Civil Procedure. Section 1027 of the Code of Civil Procedure, referred to in the Gallo case, among other things, states: "The party entitled to costs or to whom costs are awarded may recover all amounts actually paid out by him in connection with said appeal and the preparation of the record for the appeal." In the Gallo case the record on appeal consisted of the printed transcript, the cost of which was allowed by the trial court. In the case at bar the record on appeal consists of the phonographic reporter's typewritten copy of the testimony. Section 274 of the Code of Civil Procedure is not a section dealing with appeals. It is a section having to do with reporter's fees and providing for payment thereof when the court orders a copy made, whether for its own use, or otherwise, and also for payment by parties when copies of the testimony are ordered for individual use. There is nothing in section 274 of the Code of Civil Procedure which makes the copy of the testimony ordered by the court a record on appeal. The record on appeal made up under the old method of procedure from the copy of the testimony made by the reporter, whether ordered by the court or by the respective parties, consists of the printed transcript, and of the printed transcript only. Section 274 of the Code of Civil Procedure allows the prevailing party to charge as costs in the trial court the reporter's fees of making a transcript of the testimony when the transcript is ordered by the trial court, and does not depend upon whether an appeal is taken therefrom or not. This is simply followed out on appeal, and the prevailing party on an appeal under the old system is allowed to recover the costs of making a transcript of the testimony when ordered by the court, just as the prevailing party in the trial court is allowed to include such item in his memorandum of costs in the trial court.

In the case of *Turner* v. *Eastside Canal & Irr. Co.*, 177 Cal. 570 [171 Pac. 299], the court had before it an attempt, on the part of the prevailing party, to recover, as an item of cost, the expense of a private copy of the transcript, ordered in the cause, and not prepared according to section 953a of the Code of Civil Procedure, and while not necessary to the decision of that case, the opinion, however, does state what we believe to be the law. When referring

to the requirements of said section, in order that costs may be recovered, the court said: "To procure such a record which will be available for use on an appeal, it is essential that the party preparing to appeal shall, within a specified time after judgment, file a demand for the preparation of the same, in pursuance of which the reporter transcribes his notes and certifies the same, being paid by such party the charge allowed by law therefor. Such a payment, of course, can be recovered as a cost of appeal, being an amount actually paid out in the preparation of the record on appeal." The opinion then goes on to state that the plaintiffs had substituted a copy of the testimony which they had obtained and paid for during the trial. The costs of which could not, of course, be allowed. The opinion then further says: "The record for the appeal under section 953a, Code of Civil Procedure, in so far as the reporter's transcript is concerned, is a transcript furnished by him in response to the legal demand made therefor after judgment and within the time, and in the manner specified by the section. When the record is prepared under this section, it is the money that the appellant is actually compelled to pay out to obtain this record that he is entitled to recover."

In *Stafford* v. *Hill,* 63 Cal. App. 15 [217 Pac. 766], the second district had before it the same question which we are here considering. And it was there held that under the terms of section 953a of the Code of Civil Procedure, which provides for the alternative method of appeal, the reporter's transcript filed by the appellant is a part of the record on appeal and the expense of such transcript is a proper item of costs under section 1027 of that code. The opinion in the case of *Stafford* v. *Hill, supra,* distinguishes the case from that of *Sime* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967], in that in the latter case the item of costs was for a copy, which necessarily leads to the conclusion that the court in the case of *Stafford* v. *Hill* was not dealing with the copy, but was dealing with the original transcript prepared by the reporter under section 953a of the Code of Civil Procedure, and therefore the expense of the transcript became a proper charge under section 1027 of the Code of Civil Procedure.

The case of *Kohn* v. *Kempner,* 66 Cal. 64 [225 Pac. 24], had to do, just as in the case of *Sime* v. *Hunter, supra,* with

the expense of a private copy made for one of the parties, and not with anything that constituted the record on appeal, and like the other cases having to do with private copies, has no bearing upon the question of whether costs incurred in following the alternative method of appeal set forth in section 953a of the Code of Civil Procedure may be allowed.

Other cases have been cited by the respective parties, but the foregoing is sufficient to show that the order of the trial court disallowing the item of costs referred to must be reversed, and it is so ordered.

Weyand, J., *pro tem.*, and Finch, P. J., concurred.