[Civ. No. 12037. First Dist., Div. One. Nov. 27, 1942.]

JERRIE WILSON, Respondent, v. W. F. NICHOLS et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna in pro. per., for Appellant.

Harmel L. Pratt for Respondent.

KNIGHT, J.—The defendant Catherine A. McKenna appeals on a bill of exceptions from an order taxing plaintiff's costs on appeal following the reversal by this court of a decree in defendant's favor in a suit to quiet title to land in Los Angeles County. (*Wilson* v. *Nichols,* 39 Cal.App.2d

527 [103 P.2d 1007].) It is our conclusion that no grounds for the reversal or modification of the trial court's order have been shown.

The remittitur was issued by the clerk of this court on August 19, 1940, and filed in the office of the County Clerk of Los Angeles County on August 22, 1940. Within the time allowed by law plaintiff filed his memorandum of costs in the trial court and defendant moved to "retax and disallow" the same. The motion was heard on September 17, 1940, and on October 26, 1940, the trial court made its order denying said motion and taxing plaintiff's costs in the sum of $265.40, the full amount claimed. Section 1034 of the Code of Civil Procedure declares that the prevailing party on appeal is entitled to costs, and rule XXIII of the Supreme Court and District Courts of Appeal provides that where the order of reversal contains no directions as to costs, the clerk shall enter upon the record and insert in the remittitur a judgment that the appellant recover his costs of appeal.

In the present case the order of reversal contained no directions as to costs, and as will hereinafter appear the remittitur conformed in all respects to the requirements of said rule XXIII, including the insertion therein of a judgment that plaintiff recover his costs of appeal.

Defendant's contention that the order appealed from is not sustainable arises out of the following situation: When the motion to retax and disallow costs was filed, heard and determined, the document then on file in the office of the county clerk purporting to be the remittitur consisted merely of a certified copy of the opinion reversing the decree, which as stated contained no directions as to costs. However, the record shows these additional facts: On April 4, 1941, and prior to the settlement of the bill of exceptions, the county clerk filed with and presented to the trial court his certificate stating that the remittitur filed on August 22, 1940, became detached from the file and was lost; and he requested permission to file *nunc pro tunc* as of August 22, 1940, a certified copy thereof to take the place of the lost remittitur. An order was made to that effect and a certified copy of the original remittitur was filed. Thereupon and on stipulation the county clerk's certificate revealing the disappearance of the original remittitur, together with the certified copy thereof, and the order directing that it be filed *nunc pro tunc* as of August 22, 1940, were incorporated in the bill of exceptions,

which was then settled, signed and filed. It is evident, therefore, that in the foregoing state of the record the trial court's order allowing plaintiff his costs is not wanting in legal support.

Defendant argues, however, that having made said order on October 26, 1940, the trial court was without jurisdiction thereafter to direct the filing of a certified copy of the remittitur *nunc pro tunc* as of a date prior to the making of said order. There is no merit in the point. As frequently held, all courts have inherent power to correct their records so that they will conform to the facts and speak the truth (*Carter* v. *J. W. Silver Trucking Co.*, 4 Cal.2d 198 [47 P.2d 733]); and that the power so to do may be exercised regardless of lapse of time, and that the order may be made ex parte by the court of its own motion (*Kohlstedt* v. *Hauseur*, 24 Cal.App.2d 60 [74 P.2d 314]; *Carpenter* v. *Pacific Mutual Life Ins. Co.*, 14 Cal.2d 704 [96 P.2d 796]), or at the instance of an interested party (7 Cal.Jur. 614); also that the order may be made *nunc pro tunc* depending on the circumstances of the particular case, and is to be granted or refused as justice may require (*Carter* v. *J. W. Silver Trucking Co., supra;* 18 Cal.Jur. 666.) Here the record shows that a remittitur in due form was issued out of the appellate court on August 19, 1940; that it was filed in the trial court on August 22, 1940, and afterwards a material portion of it disappeared from the files. Clearly, therefore, in order to have its records conform to the facts and speak the truth it was within the inherent power of the trial court to direct the filing *nunc pro tunc,* as of August 22, 1940, of a certified copy to take the place of the original which had become detached from the files and lost.

It is further contended that the certified copy was in effect an "amended" remittitur, and therefore could be issued and filed only pursuant to an order of this court after recalling the original. But it definitely appears from the certificate of the clerk of this court attached to said copy that it was in no sense an amended remittitur, but was an exact copy of the original. In this regard the certificate declares "that the preceding and annexed is a true and correct copy of the remittitur issued on August 19, 1940, . . . [giving the title and number of the case] as shown by the record of my office."

The remaining points urged by defendant relate to the

allowance of three items of costs set forth in the memorandum of costs, but only one of them is of sufficient importance to require special attention. It reads: "Reporter's Transcript on Appeal $165.50." As proof of payment thereof plaintiff introduced in evidence the affidavit of the reporter, from which it appears that he furnished plaintiff "one original and one carbon copy, and no more" of his notes taken at the trial, for which plaintiff paid him $165. Furthermore, a copy of the transcript was produced at the hearing.

Defendant's first objection to the item is that while a prevailing party on appeal may recover the cost of the original transcript he is not entitled to collect also the cost of a copy. Such was doubtless the law until 1939. Up to that time section 1034 of the Code of Civil Procedure provided: "The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal . . ."; and in construing said section as it then stood it was held that while the cost of the original transcript prepared by the reporter was a proper charge (*Newberry* v. *Evans,* 86 Cal.App. 106 [260 P. 310]), the prevailing party was not entitled to recover the cost of a carbon copy which he had secured for his personal use. (*Kohn* v. *Kempner,* 66 Cal.App. 64 [225 P. 24]; *Sime* v. *Hunter,* 55 Cal.App. 157 [202 P. 967]; *Newberry* v. *Evans, supra.*) But in 1939 the Legislature amended said section by adding thereto this clause immediately following the portion above quoted: "the cost of a copy of the reporter's transcript in any case wherein the record on appeal is prepared under section 953a of this code." It is quite obvious, therefore, that the purpose of adding said clause was to overcome the ruling of the cases above cited; and since the judgment of reversal herein was rendered subsequent to the effective date of the 1939 amendment, the section as amended is here controlling. (*Turner* v. *East Side Canal & Irr. Co.,* 177 Cal. 570 [171 P. 299].)

Defendant's next point is that an original and two copies of the reporter's transcript were made at one time, one of which copies was delivered to the defendant, and that therefore under the provisions of section 274 of the Code of Civil Procedure the sum of $165 plaintiff seeks to recover from defendant is excessive. However, the burden is upon the moving party to establish the illegality of the challenged

items; otherwise the amount demanded in the verified cost bill is controlling (7 Cal.Jur. 296); and here defendant failed to introduce any evidence showing that an original and two copies were made at one time. There is a statement to that effect in the memorandum of points and authorities submitted to the trial court by defendant in support of her motion, but it was not made under oath and therefore cannot be considered as evidence.

The final objection to this item is based upon defendant's affidavit which she introduced at the hearing of the motion to the effect that the transcript consisted of "234 pages, including the cover, and that there is by count 45367 words in said transcript approximately, or 453 67/100 folios." She contends, therefore, that even though an original and but one copy were made at one time the charge of $165.50 therefor is excessive. As stated, however, a copy of the transcript was produced at the hearing and was before the trial court; and plaintiff contended that the transcript averaged 2½ folios to the page, which if true would prove that the reporter was entitled to more than $165.50. It will be seen, therefore, that at the most there is a conflict as to the number of folios, and that being so the trial court's determination is final.

The total amount of the other two items challenged is $1.50, and it is apparent that the allowance thereof was proper.

The order is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1943.