[Civ. No. 13974. Second Dist., Div. Three. Feb. 29, 1944.]

ANTHONY F. PRATT et al., Appellants, v. ROBERT S. ODELL & COMPANY et al., Respondents.

Baldwin Robertson for Appellants.

Freston & Files and John L. Mace for Respondents.

BISHOP, J. pro tem.—No objection can rightfully be made to the facts that but one notice of appeal was filed, one clerk's and one reporter's transcript certified, and that one set of briefs covers all the problems that the parties have presented, so long as it is kept clearly in mind that two distinct orders have been appealed from, made over a month apart and by different trial judges, and that the record before the one judge was quite different from that before the other. We shall follow the precedent set by the parties, by passing upon both appeals in one opinion, and that set by the trial judges, by holding adversely to the plaintiffs, who are the appellants.

### Appeal from Order re Costs.

Plaintiffs' first appeal is from an order denying two motions they had made: the one, a motion to strike the bill of costs on appeal amounting to $1,021.35, as to all of the defendants, other than the defendant State Guaranty Corporation; the other, to reduce the item for the reporter's transcript to $428. "Said motion," the "notice to tax costs," announced, referring to the two motions which we have mentioned, "will be made upon the ground that none of the defendants other than State Guaranty Corporation paid any part of the items included in said cost bill, and upon the ground that the reporter's transcript and a copy thereof did not cost in excess

of $428.00.'' Obviously, the ground first mentioned is applicable alone to the motion to strike, the second ground applies only to the motion to tax costs at a lower figure than that claimed in the cost bill.

The cost bill here involved was verified by Ralph E. Lewis, who averred: ''I am one of the attorneys of the parties who claim costs herein, and as such am better informed than such parties, or than any of my associate counsel herein, relative to the costs and disbursements mentioned within; to the best of my knowledge and belief the items in the within memorandum of costs and disbursements are true and correct and have been necessarily incurred in this cause. . . .'' The items in the cost bill were all for expenditures normal to an appeal; filing fees; costs of clerk's transcript; $100 for briefs that cost in excess of that ceiling price; and ''Reporter's Transcript $825.35.''

Plaintiffs' contention that their motion to strike should have been granted, is premised upon two propositions: first, that a party is entitled to his costs on appeal only in such amounts as he himself has actually paid out; and, second, that the State Guaranty Corporation had advanced all of the costs on appeal in this case; the other defendants had paid none of them. The last proposition does not appear to be established. We have noted the nature of the items of the cost bill and the manner of its verification. The provisions of section 1034, Code of Civil Procedure, and of the preceding section to which it refers, were satisfactorily complied with (*Stafford* v. *Hill* (1923), 63 Cal.App. 15, 16 [217 P. 766]; *Rosenfield* v. *Vosper* (1943), 57 Cal.App.2d 605, 607, 608 [134 P.2d 529, 135 P.2d 579]) and a prima facie case for costs on appeal was made on behalf of the defendants, which the plaintiffs had the burden of overcoming. (*Wilson* v. *Nichols* (1942), 55 Cal.App.2d 678, 682 [131 P.2d 596]; *Rosenfield* v. *Vosper, supra,* and cases cited.) Plaintiffs' only effort to support their contention was by way of an affidavit, which did not allege even that the affiant had received any information about the matter, but only that ''I have reason to believe and do believe, and on information and belief allege, that all of the sums demanded in the cost bill . . . to the extent that any of said sums were expended, were paid and expended by State Guaranty Corporation only, and that no part of any item set forth in said cost bill was paid directly

or indirectly by any of the individual defendants." This affidavit was quite insufficient to overcome defendants' prima facie case, for where an affidavit is to serve as evidence those portions which are made on information and belief have no evidentiary value. (*Gay* v. *Torrance* (1904), 145 Cal. 144, 151 [78 P. 540]; *Kellett* v. *Kellett* (1934), 2 Cal.2d 45, 48 [39 P.2d 203].) Plaintiffs themselves recognize this principle, for they criticize a statement in the defendants' counteraffidavit as "meaningless" for the reason that "it is upon information and belief and does not reach the dignity of evidence."

In the counteraffidavit filed on behalf of the defendants a paragraph was devoted to plaintiffs' claim that all the costs were paid by the State Guaranty Corporation. This paragraph begins with the words: "That affiant is informed and believes, and on such information and belief alleges," and with this introduction continues with several statements, each introduced by a "that." The trial court may well have disregarded the entire paragraph because it was all on information and belief. But if it be interpreted as establishing for the purposes of the motion that of the costs on appeal $411.43 were advanced by the defendant Robert S. Odell & Company, and the balance by State Guaranty Corporation, it does not follow, without more, that plaintiffs' motion should have been granted. It is true that the second sentence of section 1034, Code of Civil Procedure provides: "The party entitled to costs [on appeal] . . . may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal. . . ." However, this sentence was under discussion in *Danley* v. *Merced Irr. Dist.* (1925), 76 Cal.App. 52, 55 [243 P. 676], and it was held that so long as the costs were actually paid "it appears to be immaterial whether the plaintiff paid the same personally or procured the payment thereof to be made by another person under an agreement that he would repay such other person the amount thereof." We agree with the plaintiffs that it does not appear that whatever costs the State Guaranty Corporation may have advanced were (or were not) advanced on the promise of the other defendants to pay their share. We cite the case primarily because it warrants our taking a further step and concluding that, as in the Code of Civil Procedure "the singular number includes

the plural'' (Code Civ. Proc., sec. 17), the second sentence of section 1034 may properly be understood as authorizing parties defendant who have expended money in a common appeal to file a joint cost bill, irrespective of the amount each individually may have contributed. No unjust burden is placed upon the plaintiffs by this conclusion, nor would any defendant be unjustly enriched.

Plaintiffs' further argument that as a result of the court's ruling costs on appeal have been allowed even to defendant White, whose appeal was dismissed, is without merit. The argument hangs on the thread that the cost bill is entitled *"Memorandum of Costs and Disbursements on Appeal claimed by Defendants and Appellants."* The verification being by ''one of the attorneys of the parties who claim costs herein'' serves to eliminate the defendant White, who was not represented by the affiant, from those claiming costs.

Moreover, plaintiffs are in no position now to urge this point, for they did not make it a ground of their motion.

When we come to the second motion respecting costs, the motion to reduce the amount claimed as the cost of the reporter's transcript, we find the affidavits of the plaintiffs and that of the defendants, speaking positively, but contradictorily. The conclusion of the trial judge, in such a situation, is binding on this court. (*Wilson* v. *Nichols, supra,* 55 Cal.App.2d 678, 683 [131 P.2d 596].) The record reveals no error in denying plaintiffs' motion respecting the taxing of costs.

### Appeal from Order Directing Receiver.

The cost bill we have just been considering constituted a judgment against the plaintiffs (*Supera* v. *Moreland Sales Corp.* (1938), 28 Cal.App.2d 517, 521 [82 P.2d 963]). Plaintiffs' second appeal arises from an unsuccessful effort on their part to obtain satisfaction of this judgment by having the receiver for the State Guaranty Corporation ordered to pay it.

This appeal necessitates, and the record makes possible, a more comprehensive understanding of the history of the case, in which the two appeals were taken, than we have had. The action was brought on behalf of the plaintiffs and all other stockholders of the State Guaranty Corporation against the officers and directors of that organization and against

the organization itself to recover for the corporation damages which it had suffered by reason of the use of its assets and funds not in furtherance of its interests, but to further the purposes of defendant Robert S. Odell and of some corporations which he controlled. Plaintiffs were at first successful; they obtained a judgment in the superior court that they, for the benefit of the State Guaranty Corporation, and that corporation itself, recover from the several defendants various sums ranging from $900 to more than $180,000. As to the defendant Gerald R. White a recovery of $10,400 was authorized. The judgment named Harley E. Riggins as receiver of the corporation for the purpose of enforcing and collecting the judgment. Provision was made therein that the plaintiffs recover from the State Guaranty Corporation, for the benefit of their counsel, at least $5,000. The judgment further prohibited the defendants from making payments for any of a number of specified purposes, including the cost of litigation in which the corporation was not a party. Further details concerning the action and the judgment are not needed for our purposes; some of them appear in the opinion written when the judgment was reversed as to all the defendants other than the defendant White, and reported in *Pratt* v. *Robert S. Odell & Co.* (1942), 49 Cal. App.2d 550 [122 P.2d 684].

The reason that the judgment was not reversed as to defendant White plainly appears. During the pendency of the appeal, and during the pendency of bankruptcy proceedings, the judgment against him was compromised; he paid the receiver $2,000 in full satisfaction and a few days before the judgment was reversed his appeal was dismissed, the remittitur being issued forthwith. Of the sum of $2,000 thus received, the receiver paid $666.67 to plaintiffs' attorney, upon order, leaving a balance on hand of $1,333.33. The proceeding now of special interest to us was initiated by the filing of a petition, by State Guaranty Corporation, to obtain an order directing the receiver to pay this balance to it, less his expenses and fees. An order to show cause gave notice that the petition was to be heard, and by way of showing cause plaintiffs filed a response. After a hearing, at which evidence was received, the order was made from which the second appeal was taken. It allowed the receiver $110 for his fees and expenditures; directed him to pay two

printing bills the plaintiffs had incurred for their futile petitions, first for a rehearing and then for a hearing by the Supreme Court, following the reversal of their judgment; and, lastly, ordered the receiver to pay what was left of the $2,000, namely, $1,013.27, to the corporation for whose benefit the plaintiffs had recovered it.

In their response the plaintiffs had urged a different disposition of the $1,333.33 remaining after their attorney had received a third of the sum recovered. They were willing that the receiver should have his fees and expenses; they prayed that their printing bills be paid; and then, they urged, the receiver should pay to the State Guaranty Corporation the sum of $1,021.35, the amount of the judgment against them, and in satisfaction of that judgment. Lastly, such amount as might be left after these payments were made, they wished retained in order to defray a part, at least, of the costs of a retrial. That the payment of their judgment is plaintiffs' main concern appears from their notice of appeal, which takes exception to the order appealed from "to the extent that said order of June 26, 1942, directs Harley E. Riggins, the receiver, to pay to State Guaranty Corporation the sum of $1,013.27 without the requirement that State Guaranty Corporation first satisfy of record pro tanto the judgment asserted by it against plaintiffs for costs on appeal."

The principle of law upon which plaintiffs rely in support of their claim that because it was due to their efforts that $2,000 was recovered for the corporation, they should be relieved of the burdens they have incurred, is thus expressed in Corpus Juris Secundum (18 C.J.S. Corporations, sec. 579): "Where a stockholder is successful in a suit instituted by him in behalf of the corporation, and the corporation is thereby enriched, he is entitled to reimbursement from the corporation out of its assets or out of money or property under the control of the court for his reasonable costs and expenses, including attorney's fees, and his recovery for such fees and expenses may be made a specific lien against the assets or property recovered for the corporation. . . ." One of several cases illustrating the principle is *Fitzgerald* v. *Bass* (1927), 122 Okla. 140 [252 P. 54, 49 A.L.R. 1141], where a number of cases are reviewed. The case of *Fox* v. *Hale & Norcross Silver Mining Co.* (1895), 108 Cal. 475

[41 P. 328], serves as an authority in this state. None of these cases, however, and none cited by plaintiffs or of which we are aware supports plaintiffs' real position. They present the question as though it involved their right to make use of the funds recovered for the corporation to reimburse them for funds expended, or costs incurred, in the recovery of the funds. For example, in black type they head a division of their opening brief in these words: "As a Result of the Activities of Plaintiffs and the Incurring by Them of the Liability Taxed Against Them in the Judgment for Costs on Appeal, the Money Here Involved Was Recovered." Obviously, it appears to us, plaintiffs' claim is not within the principle upon which they rely. The costs which they vainly wished to have the receiver pay were not costs incurred by them in recovering the $2,000 from defendant White, but the costs which the other defendants, including the defendant corporation, expended in winning a reversal of the judgment which plaintiffs had erroneously secured. Plaintiffs find themselves burdened with a judgment not because of their successful efforts on behalf of the corporation with respect to defendant White, but as the result of their failure successfully to defend the judgment which they had obtained against the State Guaranty Corporation and the other defendants.

In their return plaintiffs made some allegations, to the effect that defendant Odell had controlled and still did control the State Guaranty Corporation, which the trial court, properly found not to be true, (*Dieterle* v. *Bekin* (1904), 143 Cal. 683, 688 [77 P. 664]), for the burden was on the plaintiffs to prove them, and they failed to do so. Their failure may have been due, in part at least, to the fact that the trial court sustained objections to questions, the answers to which might have tended to prove Odell's domination. As to the court's rulings at this point plaintiffs would have had a good ground of appeal if they were prejudiced in any way. It did appear that Odell's attorney represented the State Guaranty Corporation and the other defendants, including the defendant White up until shortly before his demise, as an appellant, and it appeared that the State Guaranty Corporation had appealed from the judgment which plaintiffs had obtained in its favor. The fact that the judgment, in part, favored the corporation, did not serve to save it from a reversal *in toto* as to the corporation, and we fail to see

that it would have added any strength to plaintiff's claim, that the judgment against them should be satisfied by the corporation, if the trial court had permitted proof demonstrating that Odell did exercise control over the corporation. We find no prejudicial errors in any of the trial court's rulings and the finding that Odell did not dominate the State Guaranty Corporation was on an immaterial issue.

Plaintiffs point to the fact that their printing bills incurred on appeal were ordered paid out of the fund in the receiver's hands, and argue that it was inconsistent for the trial court to refuse to order the judgment for costs on appeal satisfied from the same fund. We shall not weigh the charge of inconsistency other than to note that there is a difference between relieving the plaintiffs of *their* costs and relieving them of their obligation to pay the *defendants'* costs. But if the order is inconsistent because the costs were incurred alike in fruitless efforts on plantiffs' part, the only result would be to stamp the part of the order which favored plaintiffs as being in error. The desirability of consistency is not so great that an order correct in part should be reversed so that it may be made entirely erroneous. The trial court did not err in declining to use the corporation's money to discharge plaintiffs' liability for defendants' costs on appeal.

Nor was it an abuse of his discretion for the trial judge to decline to order the receiver to retain the balance on hand to finance a retrial, if one is to be had, a fact neither alleged nor proved. We may grant, for the purposes of this appeal, that it would have been within the power of the court to have made such an order. The problem called for an exercise of the discretion lodged in a court of equity, and we are far from convinced that the practice of letting the outcome of the litigation determine whether or not corporate funds should be used to pay court costs in such a case as this, is not the better course.

The orders appealed from are affirmed.

Desmond, P. J., and Shinn, J., concurred.