[Civ. No. 18272.   First Dist., Div. One.   May 5, 1959.]

WILLIAM MULLER, Appellant, v. CHARLES REAGH
et al., Respondents.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondents.

BRAY, P. J.—Successful on appeal in *Muller* v. *Reagh* (1957), 150 Cal.App.2d 99 [309 P.2d 826], plaintiff filed a memorandum of costs on appeal. Defendants moved to strike the whole and all parts thereof. After a hearing the court denied and struck out the items hereafter discussed, reducing the amount from $262—sought by plaintiff—to $91.50, which the court allowed. Plaintiff appeals on a settled statement.

## ITEMS DENIED

These items will be referred to herein by their numbers in the cost bill. ▮ Item 1: One day's jury fees, $36. Item 2: One

day's reporter's fees, $20. Item 5: Jury mileage, $22. These sums were advanced by plaintiff for the first day's trial of the above action. On that day the superior court transferred the case to the municipal court, and the trial ended. In *Muller* v. *Reagh, supra,* it was held that the transfer was erroneous. Plaintiff contends that therefore he is entitled to recover the above items as costs on appeal. Costs on appeal are governed by rule 26, Rules on Appeal, and the items allowable are set forth in rule 26(c). They include none of the above mentioned charges. Costs on appeal do not include expenses incurred at the trial of the case. (*Monson* v. *Fischer* (1933), 219 Cal. 290 [26 P.2d 6] ; see also *Rosenfield* v. *Vosper* (1943), 57 Cal.App.2d 605, 608 [134 P.2d 529, 135 P.2d 579] ; Code Civ. Proc., § 1034.)

■ Item 4: Affidavit of service, order extending time, $ .50. (Apparently this refers to the notary's fee.) Rule 26(c) includes as recoverable costs on appeal "notary fees." The trial court allowed notary's fees in seven instances, but felt that it would be unfair to charge a party with an expense incurred solely for the convenience of his adversary. Such an item is within the court's discretion to allow or disallow. In *Stenzor* v. *Leon* (1955), 130 Cal.App.2d 729, 735 [279 P.2d 802], in dealing with the costs of trial allowed by section 1032, Code of Civil Procedure, it was held that the trial court could look to the necessity of the disbursement and its determination was within the discretion of the trial court. There was no abuse of discretion here.

■ Item 9: Cost of typing proposed settled statement, $12. "The cost of preparation of an original and one copy of any type of record on appeal" may be recovered under rule 26(c). A proposed settled statement is not the record on appeal or any part thereof. There is no provision in the rules for allowance of this type of item. ■ Costs recoverable are only those recoverable by statute or rule of court even though the item may be a reasonable one. (*Turner* v. *East Side Canal & Irr. Co.* (1918), 177 Cal. 570, 573 [171 P. 299] ; see also *Agnew* v. *Cronin,* 167 Cal.App.2d 154 [334 P.2d 256].)

■ Item 10: Cost of preparing engrossed statement on appeal (typing original and copy), $65. Item 13: Cost of preparing appellant's opening brief (original and 26 copies), $70. Item 15: Cost of preparing appellant's supplemental brief (original and eight copies), $20. The subject matter of these items are recoverable costs on appeal. The difficulty here

is that plaintiff failed to prove that he had expended the amounts set forth.

Section 1034, Code of Civil Procedure, is the statutory authorization for the power to enact rule 26(c), Rules on Appeal. The section allows only "amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal." A definite sum of money must be paid out. (*Turner* v. *East Side Canal & Irr. Co., supra,* 177 Cal. 570, 573.) The court was interpreting section 1027, Code of Civil Procedure. That section was later repealed and section 1034 amended to include provision for costs on appeal. The phrase "amounts actually paid out" which appeared in section 1027 was retained in section 1034. Presumably the Legislature was aware of the Turner case and amended section 1034 in light thereof. (See *Stafford* v. *Realty Bond Service Corp.* (1952), 39 Cal.2d 797, 805 [249 P.2d 241].) The burden of proving the costs asked for is on the claimant. (*City of Los Angeles* v. *Abbott* (1933), 129 Cal.App. 144 [18 P.2d 785].)

At neither hearing did plaintiff offer any receipts or vouchers, nor did he request an opportunity to produce any. The trial court stated: "The evidence submitted as to the costs incurred was very weak, uncertain and unsatisfactory." Plaintiff admitted that he typed appellant's supplemental brief himself, and as to the charges on the other two items he said that when he stated "it cost me" he meant to include his own work in typing. For the three items plaintiff claimed $155. The court allowed $75. In view of the lack of proof of the amounts which these items actually cost plaintiffs the allowance was very fair indeed. The purpose of section 1034 is not to pay a successful litigant for his own work, but to reimburse him for his actual out-of-pocket payment for the type of costs allowed. For these same reasons the court properly refused plaintiff's motion to increase his demand under Item 13 from $70 to $81.25.

Plaintiff contends that only the appellate court may reduce costs, relying on section 1034, Code of Civil Procedure, and rule 26(a). Those empower the appellate court to deny or reduce costs, but there is no indication that the trial court is deprived of this power when a cost memorandum is filed in the trial court.

Plaintiff, in his briefs, attempts to impeach the record, stating, among other matters, that the narrative of the oral hearing contains prejudicial untruths. We are bound by the

record including the narrative statement. ■ ". . . [The reviewing] court cannot, however, act upon a mere assertion of an appellant in his brief as to matters not shown by the record, and reverse a judgment of the trial court . . ." (*County of Nevada* v. *Phillips,* 111 Cal.App.2d 428, 430 [244 P.2d 495] ; *Williams* v. *Goldberg* (1944), 66 Cal.App.2d 40, 46 [151 P.2d 853].)

The order is affirmed.

Wood (Fred B.), J., and Tobriner, J., concurred.