[Civ. No. 36186. Second Dist., Div. One. Nov. 4, 1970.]

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Plaintiff and Appellant, v.
B. R. MORRIS et al., Defendants and Respondents.

## COUNSEL

Thomas J. Cunningham, John P. Sparrow, Musick, Peeler & Garrett and George Hadley for Plaintiff and Appellant.

Fadem & Kanner and Gideon Kanner for Defendants and Respondents.

## OPINION

LILLIE, J.—Plaintiff appeals from a portion of an order partially granting its motion to tax defendants' costs on appeal following the reversal by another division of this court of a judgment in an eminent domain proceeding (*Regents of University of California* v. *Morris,* 266 Cal.App.2d 616 [72 Cal.Rptr. 406]); by such reversal (solely on the issue of damages) defendants were expressly awarded their costs on appeal. The main objective of plaintiff's motion was the disallowance of an item of $8,713.09 representing the cost of preparing the record on appeal, principally the reporter's transcript ($8,240.44). The trial court having awarded defendants $5,210.75 of the amount originally claimed for such transcript, it is now contended that the court should have disallowed in its entirety that portion of the item attributable thereto.

The pertinent background facts are as follows: The trial of the eminent domain proceeding was a protracted one, lasting from January 22, 1965, to March 3, 1965; at various times during the course thereof, the preparation of daily transcripts was ordered by defendants and, also, by the plaintiff. Upon the giving of notice by defendants for the preparation of a reporter's transcript on appeal (rule 4, Cal. Rules of Court), the reporter (Mr. Jenkins) substituted portions of the dailies he had previously prepared to effect compliance with the request for a transcript on appeal.[1] During the pendency of the prior appeal, Mr. Jenkins died before rendering a statement as to which part of his compensation was for the normal cost of transcript preparation, and which for the preparation (or substitution) of the daily transcripts ordered earlier. Thus, under the circumstances defendants in-

---

[1]Thus, innumerable pages of the transcript bear two numbers, the second obviously being the page number of the daily transcript.

cluded in their written opposition to the motion to tax costs a letter, dated September 5, 1966, from Mr. Jenkins to Mr. Fadem (one of defendants' counsel) containing a breakdown of the various charges, volume by volume (23 in all), as well as those for reporting the proceedings on motion for new trial. The communication having antedated the present controversy, the summary of Mr. Jenkin's charges did not indicate the portion there allocated to normal transcript charges and the portion attributable to his work in preparing and substituting the numerous dailies. The trial court determined that $3,029.69 represented the latter portion, reducing the item's cost accordingly.

■ While defendants' verified memorandum of costs concededly constituted prima facie proof that they were necessarily incurred (*Jeffers* v. *Screen Extras Guild, Inc.,* 134 Cal.App.2d 622, 623 [286 P.2d 30]), plaintiff's declarations challenging their validity, if properly asserted, cast upon defendants the burden of proving that the costs thus claimed are allowable and reasonable. (*Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal. App.2d 678, 698-699 [32 Cal.Rptr. 288].) ■ At the heart of this matter is the specific recital in one of plaintiff's declarations to the effect that the challenged item was unauthorized "for the reason that it includes the reporter's fee for preparing the daily transcript of evidence at the trial pursuant to the request of the attorney for the defendants, and the Court made no order of any kind authorizing the transcription." Cited by plaintiff is *Walton* v. *Bank of California,* 218 Cal.App.2d 527, 547-548 [32 Cal.Rptr. 856], which holds that fees for preparation of a daily transcript are not a proper item of costs where such transcript is not expressly ordered by the court (Gov. Code, § 69953). According to plaintiff, the sole issue presented herein is whether the trial court erred in failing to follow the holding in *Walton.* In our view *Walton* v. *Bank of California,* 218 Cal.App.2d 527 [32 Cal.Rptr. 856], is inapplicable to the facts at bar. For this and other reasons, hereinafter discussed, an affirmance of the order is required.

At the outset we point out that *Walton* was concerned with *trial* costs and not, as here, with costs on appeal. Thus, after quoting the provisions of section 69953, Government Code, *supra,*[2] the court stated: "Under the above statute, the fees of the court reporter for the preparation of a daily transcript, *used for the trial,* are not a proper item of costs unless such transcript has

---

[2]Section 69953 reads: "In civil cases the fees for reporting and for all other transcriptions ordered by the court to be made shall be paid by the parties in equal proportion; and either party at his option may pay the whole. In either case, all amounts so paid by the party to whom costs are awarded shall be taxed as costs in the case. The fees for transcripts and copies ordered by the parties shall be paid by the party ordering them. No reporter shall perform any service in a civil action other than transcriptions until his fee for it has been deposited with the clerk of the court or *with the reporter.*" (Italics added.)

been expressly ordered by the court. [Citations.]" (Italics added; *supra,* pp. 547-548.) Too, the several decisions (as well as Witkin's Cal. Procedure) cited to support the court's statement, above quoted, likewise involved trial costs. It further appears that section 69953, *supra,* added in 1953, originally was found in section 271, Code of Civil Procedure, which latter statute was repealed and reenacted in 1880 as section 274 of the same code. In *Newberry* v. *Evans* (1927) 86 Cal.App. 106, 111 [260 P. 310], the court noted that section 274 (then in force) "is not a section dealing with appeals. It is a section having to do with reporter's fees and providing for payment thereof when the court orders a copy made, whether for its own use, or otherwise, and also for payment by parties when copies of the testimony are ordered for individual use. . . . Section 274 of the Code of Civil Procedure allows the prevailing party to charge as costs in the trial court the reporter's fees of making a transcript of the testimony when the transcript is ordered by the trial court, and does not depend upon whether an appeal is taken therefrom or not."

While *Newberry* was not confronted with the specific problem here presented, reference is therein made to an earlier case which contains facts and determinations more applicable to the instant controversy. In *Turner* v. *East Side Canal & Irr. Co.* (1918) 177 Cal. 570 [171 P. 299], plaintiffs prevailed on an earlier appeal and thereafter filed their memorandum of costs on such appeal. It appears that during the course of the trial, culminating in the earlier appeal, the trial court ordered the testimony written up at the expense of the parties, and plaintiffs at the same time ordered an extra copy for their own use thereby obtaining the same at one-half the rate charged for a single copy. Subsequently, when plaintiffs took their appeal and requested the preparation of a reporter's transcript, they arranged with the reporter to use, in making up the transcript, their copy which they had obtained and paid for during the trial. The court stated: "This was done, and, as we have said, it sufficiently appears that nothing whatever was paid out by plaintiffs on account thereof. It would have cost double the amount to have had the reporter prepare a new transcript in the usual way for the purposes of the appeal, and the whole thereof would have been recoverable as costs." (Pp. 572-573.) Subsequently the court further observed that "[w]hen the record is prepared under this section [§ 953a, Code Civ. Proc.[3]], it is the money that the appellant is *actually compelled to pay out* to obtain *this* record that he is entitled to recover. If perchance he is able, by arrangement with the reporter, to so utilize in the preparation of the reporter's transcript material he had acquired before judgment and then owns, that the

[3]As pointed out *infra,* section 953a (once known as the "alternative method") was thereafter repealed, and its subject matter is now found in California Rules of Court, rule 4(a).

reporter's charge will be lessened or, as here, entirely obviated, so much the better for all parties, for him in the event that he losses on appeal and for the adverse party in the event that he wins." (Pp. 573-574.) In the instant proceeding, the reporter's charge was "lessened" in the amount already stated.

The record on the earlier appeal was prepared pursuant to rule 4(a), California Rules of Court, which replaced section 953a, Code of Civil Procedure. When the time arrived for defendants to file their memorandum of costs on appeal, the Rules of Court again governed—specifically, rule 26(c), the statutory authorization for which is found in section 1034, Code of Civil Procedure. (*Muller* v. *Reagh,* 170 Cal.App.2d 151, 154 [338 P.2d 601].) That statute provides in pertinent part for the recovery by the party so entitled of "all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal." Rule 26(c), in turn, provides that "[t]he party to whom costs are awarded may recover only the following, when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules if he is the appellant" subject to reduction by the reviewing court in certain instances therein specified. Nothing is found in either the foregoing statute or rule which requires that consideration be given to the provisions of section 69953, Government Code. ■ It has been held, and now seems settled, that " 'Costs on appeal from superior and municipal courts, formerly provided for by statute, are now entirely governed by rule' [citation]." (*Lavine* v. *Jessup,* 175 Cal.App.2d 136, 138 [345 P.2d 505].) Although it involved trial costs, plaintiff mentions *Estate of Johnson* (1926) 198 Cal. 469, 471 [245 P. 1089], for the proposition that the right to recover costs is wholly statutory and the measure of the state is the measure of the right; but *Johnson* was decided when section 274, Code of Civil Procedure, was still in force, and its provisions could not foreclose recovery of the costs in question if they were actually paid out by the party claiming them (see discussion, *supra,* in *Turner* v. *East Side Canal & Irr. Co.,* 177 Cal. 570 [171 P. 299]).

■ This brings us to plaintiff's additional point that defendants failed to assume the burden of showing what part of the transcript was attributable to collating the daily for use as the transcript on appeal. Defendants' memorandum of costs on appeal (including the challenged item), certified by one of their attorneys (Mr. Kanner) as being true and correct, concludes with the recital that "said costs have been necessarily incurred." When disallowance was sought by plaintiff's motion accompanied by written declarations in support thereof, defendants filed written opposition, accompanied by a copy of Mr. Jenkins' letter dated September 5, 1966. The opening sentence of that letter is as follows: "In response to your request, the following is a

digest of my records showing the amounts paid to me by you for reporting services in the celebrated case of Regents of U.C. vs. Morris, tried before Judge Praeger last year." (Mr. Jenkins did not total the sums, but they approximate $8,300.) Also filed was a declaration by Mr. Kanner in which reference is made to the above letter. It does not appear to be contended by plaintiff that defendants did not in fact pay the reporter all of the sums mentioned in his letter—and defendants, after quoting section 1034, Code of Civil Procedure, emphasize that they "actually paid" $8,240 for the reporter's transcript as well as $472.65 for the clerk's transcript on appeal. (Plaintiff has abandoned its claim of disallowance of this latter item.)

Although plaintiff's counsel (Mr. Hadley) orally represented to the trial court in the course of the hearing that "all Mr. Jenkins did was call in the copies or the originals, for that matter, that had been given to Mr. Fadem's office, and collate them into these numerous volumes," his declaration significantly does not state that the daily transcript actually constituted the transcript on appeal; instead, as noted earlier, such declaration recites that the challenged item "*includes* the reporter's fee for preparing the daily transcript of the evidence at the trial. . . ." (Italics added.) What was thereafter done by the trial court comports with plaintiff's premise in the circumstances; it *excluded* $3,029.69 and taxed the item in such reduced amount. The above notwithstanding, in its reply brief plaintiff insists that the reporter's letter shows on its face that the daily was used as the transcript on appeal. We do not agree; furthermore, the motion having been heard in the manner indicated, "the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. . . ." (*Griffith Co.* v. *San Diego Col. for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R.2d 1349].)

Finally, plaintiff argues that the reduced figure ($5,210.75), representing cost of preparing the reporter's transcript less the cost of the daily transcript, reflects a mere guess on the trial court's part. Neither side was of much, if any, help in supplying data which would assist the court in this regard—defendants confessed their inability to explain the terminology used by Mr. Jenkins, while plaintiff understandably failed to lend a hand in light of its position that defendants carried the burden in that respect. It appears, as pointed out in defendants' brief, that the court in the instant circumstances had recourse to the governing provisions of section 69950, Government Code.[4] As then effective, that section provided that the reporter's transcrip-

---

[4]Prior thereto, as indicated by its remarks near the conclusion of the hearing, the court gave counsel the benefit of its then pending views: "Well, my own feeling, gentlemen, is that the allocation of costs for preparing an order for reporter's tran-

tion fee was $0.35 for 100 words of original and $0.10 per 100 words of each copy concurrently purchased. The reporter's transcript numbered 3,737 pages which, in the opinion of the court, represented 11,579 folios, or about three folios per page—a 100-word unit is customarily referred to as a folio. Defendants have submitted the following algebraic formula which correctly supports their argument stated above:

$$\$5,210.75 = (\$0.35)X + (\$0.10)X$$

or

$$\$5,210.75 = (\$0.45)X$$

Therefore,

$$X = \frac{5,210.75}{0.45} = 11,579 \text{ folios total.}$$

In the last analysis, the resolution of the problem was committed to the trial court's discretion; there is manifest no abuse thereof. ■ "The determination of the items allowable as costs is largely a question for the trial court in its discretion, and if no abuse of discretion is shown, the action of the trial court will not be disturbed. [Citations.]" (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* 217 Cal.App.2d 678, 699.)

Wholly aside from the foregoing disposition of the several points advanced by plaintiff, there are other considerations which compel an affirmance of the order challenged. ■ It appears to be a settled principle of eminent domain law that the property owner, as part of his just compensation, shall receive costs both in trial court and on appeal. "The rationale of this rule is that to require the defendant to pay his costs necessarily incidental to the trial of the issues would reduce the just compensation awarded by a sum equal to that paid by him for such costs. [Citation.] This rule has been applied to costs incurred after a successful appeal by the condemner [citations], as well as in cases where an unsuccessful appeal was taken by the landowner. [Citations.]" (*Decoto School Dist.* v. *M. & S. Tile Co.,* 225 Cal.App.2d 310, 315-316 [37 Cal.Rptr. 225].) The earlier appeal by defendants was not unsuccessful; to the contrary, they prevailed because, among other things, the cross-examination of plaintiff's appraiser was improperly and prejudicially interfered with by plaintiff's violation of

---

script on appeal as compared to what the defendants paid for the daily transcript is what will have to be determined.

"In other words, I feel that if there were no daily transcript ordered, a regular reporter's transcript would have had to be ordered by counsel. And whatever that charge would be, to me that would be a proper charge."

a pretrial order in failing to exchange a full appraisal report with defendant landowners. (*Supra,* 266 Cal.App.2d 616, 629-631.) Accordingly, to sustain plaintiff's position on this appeal would allow it to take advantage of its previous wrongdoing.

The order is affirmed.

Wood, P. J., concurred.

**GUSTAFSON, J.**—I concur in the judgment because I believe that at the first opportunity the Supreme Court will re-examine and overrule *Turner* v. *East Side Canal & Irr. Co.* (1918) 177 Cal. 570 [171 P. 299]. The rule of that case is that when the record on appeal includes a reporter's transcript which was paid for by the successful appellant for use during the trial, costs on appeal may not include anything for that transcript. This conclusion was felt compelled by the language of what is now section 1034 of the Code of Civil Procedure despite an acknowledgment by the court that the result is not fair and reasonable.

Suppose that in the case at bench the original and one copy of the entire reporter's transcript on appeal had unquestionably been the precise documents which defendants had obtained and paid for during the trial. The *Turner* rule would prevent defendants from recovering any part of the expense of the documents as costs on appeal. Since this is a condemnation action, a new transcript ordered by defendants for the appeal would have been chargeable to plaintiff whether the appeal was successful or unsuccessful. Surely there is no merit to an interpretation of a statute which encourages the waste of public funds. Nor is there any merit to an interpretation which deprives a successful appellant in other civil actions of that portion of his cost of a daily transcript used on appeal to which he unquestionably would have been entitled had he not ordered that transcript for use at trial.

There is, of course, the remote possibility that a condemnee who has incurred a substantial expense for a daily transcript and is awarded a satisfactory judgment will appeal on some inconsequential point in order to recoup most of those expenses by way of costs on appeal. I think that such a situation would be obvious to an appellate court and that the power to impose costs on such a condemnee for a frivolous appeal would prevent this gambit from being successful.

I think that the trial court was correct in saying that defendants were entitled to whatever the cost would have been for a transcript on appeal had there been no daily transcript. Since the cost of a daily transcript (original

and one copy) would have been $7,816.12 (Gov. Code, § 69551) and defendants paid $8,240, it is obvious that plaintiff is correct in asserting that the reporter's transcript on appeal consisted principally of the daily transcript. I nevertheless vote to affirm the order because I think that the Supreme Court today will not accept *Turner*.