[Civ. No. 12673. First Dist., Div. One. Sept. 23, 1944.]

## J. O. WILLIAMS, Appellant, v. S. J. GOLDBERG, Respondent.

Alfred J. Hennessy for Appellant.

David Glickman for Respondent.

PETERS, P. J.—Plaintiff, J. O. Williams, brought this action for the dissolution of a partnership alleged to exist between himself and defendant, S. J. Goldberg. The defendant denied that a partnership existed between the parties, and alleged that plaintiff was in fact the manager of a hotel operated by defendant and therefore an employee of defendant. The trial court found that plaintiff was manager of defendant's hotel and that no partnership existed, and gave judgment for defendant. From this judgment plaintiff appeals, making two main contentions: (1) That the basic findings are totally unsupported, and (2) that the trial court erred in admitting into evidence a certain exhibit.

The appeal purports to be on an engrossed statement of facts as provided by rule 7(b) of the Rules on Appeal. That section permits the appellant, in lieu of filing the reporter's and clerk's transcript, to appeal on a settled statement. The settled statement must contain certain designated documents and a "condensed statement of the oral proceedings." After the appellant has filed his proposed statement, the respondent may file amendments, and in that event it is the duty of the trial judge to settle the statement. Rule 7(d) provides that the trial judge "shall settle the statement and fix the time within which the appellant shall engross it as settled. Within the time so fixed the appellant shall engross the statement in accordance with the order of the judge and shall serve and file the engrossed statement."

Appellant, in attempting to appeal under this method, as part of his proposed statement included copies of all documents required under rule 7(b), referred to certain exhibits, and prepared a proposed statement of facts. This statement does not purport to summarize the actual testimony as given

by the witnesses, but, by means of conclusions, states what appellant thinks the evidence shows. The statement recites that "at the trial the plaintiff introduced evidence showing that on the first day of May, 1942, he and the defendant Goldberg became and were co-partners and owners share and share alike, in the hotel business . . ., and that thereafter the said defendant did the things and committed the acts alleged in the complaint on file in said action as constituting grounds for the dissolution of said partnership . . . The defendant on the 20th day of April, 1943, offered in evidence at the trial of said action a certain paper purporting to be a proposed 'Re-Organization Agreement,' never signed nor executed by the parties plaintiff or defendant, and offered it in evidence by the defendant as disproving the existence of said co-partnership; whereupon the plaintiff objected to said offer . . . upon the grounds that it is irrelevant, incompetent and immaterial and without foundation and not signed or executed by the parties, nor shown to have been signed or executed by them or either of them, nor by the plaintiff nor assented to by him. The court overruled the objection and admitted the said alleged and proposed Re-Organization Agreement in evidence as proof against the existence of said co-partnership, and did upon the basis of it decide the case in favor of the defendant S. J. Goldberg and against the plaintiff. That to said ruling . . . the plaintiff then and there duly excepted. . . ."

Within the time provided by the Rules on Appeal the respondent filed "PROPOSED AMENDMENTS TO APPELLANT'S STATEMENT ON APPEAL." In that statement appears the following:

"That the Defendant and Respondent, S. J. GOLDBERG, at the trial of the above-entitled action, introduced evidence showing that Respondent himself leased from the owners thereof the property commonly known as the Kirkland Hotel, for a period of five years at a total rental of $22,350.00 and at said time the Respondent, S. J. Goldberg, himself paid $1,000.00 as the first month's rent on said premises, and thereupon entered upon same and commenced the operation of said Hotel;

"That at said time said Respondent employed the Appellant as the manager of said Hotel, and as and for his compensation Respondent agreed to pay Appellant twenty-five per-

cent (25%) of the net profits earned by Respondent in the operation of said hotel while said Appellant was in the employ of the respondent, and said employment continued down to February 8, 1943, when Appellant was discharged by Respondent for good cause.

"On the 20th day of April, 1943, at the time of the above-mentioned trial, Respondent offered and introduced in evidence at the trial a proposed reorganization agreement unsigned by the parties mentioned therein, for the limited purpose of showing the state of mind of the Appellant when he went to his Attorney stating what was taking place and what he would like to have done, and his attorney under his direction prepared said Exhibit 'C'; that said Exhibit 'C' was admitted in evidence by the Court for said purpose only and not as proof against the existence of said alleged partnership, and the Court did not decide this case upon the basis of said document. The decision in this case was reached by the Court because the Appellant had failed to prove the existence of a partnership between the Appellant and Respondent and that in truth and in fact said decision was reached by the Court by the proof that at no time was there a partnership between the Appellant and Respondent in reference to said Kirkland Hotel and that the Appellant was merely an employee of Respondent upon a commission basis and had no interest in said hotel, the business thereof or in the lease covering said premises."

Thereafter, in due course, the matter of the settlement of the statement on appeal was heard by the trial judge and the record recites that "he ordered allowed all of said amendments . . . and directed that said statement be engrossed accordingly by the plaintiff." The record next recites that "The foregoing engrossed statement on appeal is hereby settled and allowed and certified to be correct" and this is signed by the trial judge.

Appellant argues that respondent's proposed amendments are not part of the engrossed statement because they are in conflict with appellant's statement of the case. The engrossed statement as it appears in the record contains appellant's proposed statement, the judgment roll, notice of appeal and the proposed amendments of respondent. The proposed amendments are labeled Paragraph "VI." Para-

graph "VII" recites that on a designated date the matter of the settlement of the statement came before the trial judge, and after a hearing "he ordered allowed all of said amendments . . . and directed that said statement be engrossed accordingly . . .

"The foregoing is the statement on appeal engrossed, served and filed by plaintiff . . ."

Paragraph "VIII" recites that: "The foregoing engrossed statement on appeal is hereby settled and allowed and certified to be correct. . . ."

It is obvious that the word "foregoing" in the last sentence of Paragraph "VII," and in Paragraph "VIII," includes all of Paragraph "VII" preceding the last sentence of Paragraph "VII," and all of Paragraph "VI," so that it is perfectly clear that all of respondent's proposed amendments are part of the settled statement.

Appellant contends in his brief that after the trial judge had certified the record, upon motion of appellant, he disallowed the proposed amendments relating to Exhibit "C." The record does not support appellant. Nowhere in the record does it appear that the proposed amendments were disallowed. The record shows that all such amendments were allowed and are part of the Engrossed Statement On Appeal. We are bound by the record.

Appellant's first main point is that the finding that there was no partnership is unsupported by the evidence. We are asked to pass on this point when the settled statement constituting the record recites, first, that evidence was introduced that plaintiff and defendant were partners, and then recites that the trial court allowed an amendment to such proposed statement reciting that evidence was introduced that the parties were not partners but that plaintiff was an employee of defendant. It seems quite clear that on such a record we must hold that the challenged finding was supported by evidence.

It is true that the procedure adopted in the trial court in preparing this record was not in accord with the procedure provided by the Rules on Appeal for presenting an appeal on a settled statement. Where the appellant has prepared a proposed statement and the respondent files proposed amendments, and these amendments are allowed by the

trial court, and the appellant is directed to prepare an engrossed statement, it is contemplated that the appellant will prepare a statement of the facts in accordance with the amendments allowed by the trial court. ▉ Rule 7(b) provides that the settled statement shall contain a "condensed statement of the oral proceedings." By that is obviously meant a consistent statement of the oral proceedings. The rule does not permit each party to prepare a statement containing his version of the facts, and, after settlement by the trial court, to place both these inconsistent statements before the appellate court and ask that court, on such a record, to determine whether the findings are supported. In the instant case, the trial court, by allowing the proposed amendments of respondent, obviously intended to settle the statement in accordance with the proposed amendments of respondent. ▉ For that reason, all inconsistencies between appellant's and respondent's statements must be resolved in favor of respondent. This being so, on the record before us, it appears that the challenged finding was supported by evidence.

▉ Appellant complains that the trial court erroneously admitted into evidence Exhibit "C," the unexecuted re-organization agreement. This proposed agreement contains a "re-organization plan" in which the method of operating the hotel is criticized and improvements suggested. It provides that plaintiff shall be manager at a salary and a commission. In the engrossed statement of facts it appears that this document was prepared by plaintiff's attorney under the direction of plaintiff. It was introduced solely to show plaintiff's state of mind when he went to his attorney and described the relationship of the parties. The court did not decide the case upon the basis of this exhibit. Appellant now contends that Exhibit "C" was not admissible because "the state of mind" of appellant was not in issue. This court has no way, on the record before it, to pass upon that contention. We must assume, in the absence of a showing to the contrary, that that issue was involved. ▉ Moreover, since the engrossed statement expressly states that the case was not decided on the basis of Exhibit "C," even if the exhibit had been erroneously admitted, the error could not have been prejudicial.

It should be noted that appellant has made no attempt to clarify the record by any of the methods provided by rule 12.

It is, of course, incumbent on appellant to show error. No error appearing in the record, the judgment must be and is affirmed.

Knight, J., and Ward, J., concurred.