Filed 5/16/13; pub. order 6/12/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| STEVE SCHAEFER, | C068229 |
| Plaintiff and Respondent, | (Super. Ct. No. PC20070686) |
| v. | |
| KELLY ELDER, | |
| Defendant and Respondent; | |
| CASTLEPOINT NATIONAL INSURANCE COMPANY, | |
| Intervener and Appellant. | |

This is a case in which an insurer provided representation to an insured, with a reservation of rights, for an action brought by a third party. The trial court (1) determined that, because of a specific conflict of interest, the insured in this case has a right to independent counsel rather than counsel provided by the insurer and (2) disqualified counsel that had represented the insured and insurer simultaneously. The insurer appeals, contending that (1) the insured is not entitled to independent counsel and (2)

1

disqualification of counsel that had represented both the insured and the insurer was error. We conclude that the trial court did not err and therefore affirm the court's order.

## FACTS AND PROCEDURE

Plaintiff Steve Schaefer contracted with defendant Kelly Elder, doing business as Elder Construction, to design and build a residence for Schaefer in El Dorado County. Later, Schaefer sued Elder, alleging causes of action for breach of contract, negligence, breach of implied warranty, strict liability, money lent, diversion of funds, failure to enter into a written contract, and excessive down payment.

Elder tendered the defense of the action to his insurer, CastlePoint National Insurance Company (formerly known as SUA Insurance Company), and CastlePoint appointed counsel of its choice, the law firm of Koeller, Nebeker, Carlson & Haluck to represent Elder, subject to a reservation of rights. CastlePoint also filed separately a declaratory relief action against Elder to determine whether the insurance policy provided coverage for the claims Schaefer made against Elder.

Elder hired a different law firm to move to disqualify the Koeller firm and to determine Elder's right to independent counsel. CastlePoint opposed the motion. The trial court granted Elder's motion, disqualifying the Koeller firm and determining that Elder has a right to independent counsel.

CastlePoint appeals.

## DISCUSSION

### I

### *Motion to Strike Schaefer's Brief*

In response to CastlePoint's appellant's opening brief, not only Elder but also Schaefer filed a respondent's brief. CastlePoint filed a motion to strike Schaefer's respondent's brief. We deny the motion because CastlePoint provided no authority to support the motion.

Unless a law otherwise provides, a moving party always has the burden of establishing that the facts and law favor the moving party's position. (See *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020 [burden on party seeking attorney fee award to establish entitlement to fee]; *Wilson v. Nichols* (1942) 55 Cal.App.2d 678, 682-683 [burden on moving party to establish illegality of challenged cost items].)

Rule 8.54 of the California Rules of Court requires a party filing a motion in the appellate court to "stat[e] the grounds and the relief requested and identify[] any documents on which the motion is based." (Cal. Rules of Court, rule 8.54(a)(1).) But the rule also requires the moving party to file a "memorandum." (Cal. Rules of Court, rule 8.54(a)(2).) Even though the rule does not use the wording of the former rule, which required "points and authorities" (former Cal. Rules of Court, rule 41(a) [amended and renumbered as rule 8.54 on Jan. 1, 2007]), there can be no mistaking that the required memorandum must establish that the law and facts support the moving party's argument.

CastlePoint's motion to strike Schaefer's respondent's brief states that the trial court ruled that Schaefer had no standing to move to disqualify counsel provided to Elder by CastlePoint. Therefore, concludes CastlePoint, we should strike Schaefer's brief on appeal. No cited statute. No cited case.

We are not inclined to act as counsel for CastlePoint and go in search of authority for or against its position. (See *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.) Accordingly, the motion to strike Schaefer's respondent's brief is denied.

One more matter related to CastlePoint's motion to strike Schaefer's respondent's brief requires our attention before we address the merits of the appeal. Schaefer requested judicial notice of documents filed in the trial court to support his opposition to CastlePoint's motion in this court. While documents filed in the trial court would normally be the proper subject of augmentation or judicial notice on appeal, the request

for judicial notice is rendered moot by our determination that CastlePoint failed to support its motion with authority and our consequent denial of the motion. Therefore, we deny Schaefer's request for judicial notice as moot.

II

*Motion to Disqualify Counsel for CastlePoint*

Relying most prominently on *Blanchard v. State Farm Fire & Casualty Co.* (1991) 2 Cal.App.4th 345 (*Blanchard*), CastlePoint contends that the issues raised by Schaefer's complaint against Elder and CastlePoint's own reservation of rights and declaratory relief action did not require appointment of independent counsel. The contention is without merit because there is an actual conflict of interest between Elder and CastlePoint.

An insurer may, by the terms of the insurance contract, have the right to appoint counsel for the insured and control the defense. In such circumstances, counsel "owes both [the insured and the insurer] a high duty of care [citation] and unswerving allegiance [citation]." (*San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 374 (*Cumis*).) However, if there are "divergent interests" between the insurer and the insured, the insured is entitled to independent counsel. (*Id.* at p. 375.) If a conflict arises, "brought about by the insurer's reservation of rights based on possible noncoverage under the insurance policy, the insurer must pay the reasonable cost for hiring independent counsel by the insured. The insurer may not compel the insured to surrender control" of the defense. (*Ibid.*)

The *Blanchard* court described the facts underlying the *Cumis* holding as follows: "In [*Cumis*], there was a possible conflict of interest between the insurer and the insured, because the underlying suit against the insured contained allegations in part that the conduct of the insured was intentional, conduct which would not be covered under the insurance policy. The appellate court perceived clearly divergent interests operating on the attorney selected by the insurer, since a finding of intentional conduct would be

4

excluded from coverage while nonintentional conduct would be included. [Citation.] In those circumstances the court held the insurer must pay the reasonable cost of hiring independent counsel for the insured. [Citation.]" (*Blanchard, supra,* 2 Cal.App.4th at p. 349.)

The *Blanchard* court continued: "Subsequent case law and statutory codification of *Cumis* have made clear, however, that not every reservation of rights creates a conflict of interest requiring appointment of independent counsel. It depends upon the nature of the coverage issue, as it relates to the issues in the underlying case. If the issue on which coverage turns is independent of the issues in the underlying case, *Cumis* counsel is not required. [Citations.] A conflict of interest does not arise unless the outcome of the coverage issue can be controlled by counsel first retained by the insurer for the defense of the underlying claim. (Civ. Code, § 2860, subd. (b).)." (*Blanchard, supra,* 2 Cal.App.4th at p. 350.)

The holding in *Cumis* has been codified: "If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured" unless the insured waives its right to independent counsel. (Civ. Code, § 2860, subd. (a).) A conflict of interest may arise "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim . . . ." (Civ. Code, § 2860, subd. (b); *Blanchard, supra,* 2 Cal.App.4th at p. 350.)

The *Blanchard* court concluded that independent counsel was not required in that case because the insured had "produced no evidence to show in what specific way the defense attorney could have controlled the outcome of the damage issue to [the insured's] detriment, or had incentive to do so." (*Blanchard, supra,* 2 Cal.App.4th at p. 350.)

Here, the focus of Elder's motion in the trial court was on a provision in the insurance contract referred to as the contractor's special condition. It provided that the policy would not cover work performed by independent contractors unless Elder first obtained from those independent contractors an indemnity agreement and a certificate of insurance.[1] In its declaratory relief action, CastlePoint alleged this contractor's special condition, among other provisions, as a reason the policy does not cover the claims alleged by Schaefer. This provision, and CastlePoint's reliance on the provision in the declaratory relief action, raises the question of whether the workers who did allegedly defective work on Schaefer's residence were Elder's employees or independent contractors. If they were employees, the contractor's special condition would not apply.

Schaefer alleged in his complaint that Elder acted through his employees, thus raising the issue of respondeat superior. However, in answers to interrogatories prepared by the Koeller firm, Elder stated that he "primarily contracted with the subcontractors to construct the subject property." That answer may invoke the contractor's special condition with respect to whether the policy covers the damages alleged by Schaefer. In any event, to prove that Elder is liable for problems on the property, Schaefer would have to establish that the problems were caused by (1) one of Elder's employees (respondeat superior) or (2) an independent contractor retained by Elder.

---

[1]     The provision stated: "As a condition precedent to coverage for any 'suit' based, in whole or in part, upon work performed by independent contractors, the insured must have prior to the date of the 'occurrence' giving rise to the 'suit:'
     "(1) received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work of the independent contractor; and
     "(2) obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence."

This question of proof causes the conflict of interest between Elder and CastlePoint, as it was identified by the trial court. It is in Elder's interest to argue that the work was done by employees because the insurance policy would apply even if Elder did not comply with the contractor's special condition. On the other hand, it is in CastlePoint's interest to argue that the work was done by independent contractors so that, in the declaratory relief action, CastlePoint could argue that Elder is not covered because he failed to comply with the contractor's special condition. Therefore, there was a conflict of interest for the Koeller law firm.

CastlePoint, however, argues that there is no actual conflict because Elder is liable for Schaefer's damages, assuming Schaefer establishes liability, regardless of whether it is established that the work was done by an employee or an independent contractor. But this argument avoids rather than resolves the question of whether there is a conflict. To establish liability, Schaefer will have to establish that someone did something at Elder's bidding. Whether it was an employee or an independent contractor, which implicates two different paths for Schaefer to establish liability, one or the other must be proven.

CastlePoint also argues: "The status of the hired persons or entities will not be determined in the construction-defect action." Again, we disagree. Schaefer must establish that those who provided the defective workmanship were related, in a business sense, to Elder. The determination of that relationship will impact, later in the declaratory relief action, whether the contractor's special condition comes into play.

Put simply, the Koeller firm had an ethical duty to Elder to try to establish that the workers were employees and, at the same time, had an ethical duty to CastlePoint to try to establish that the workers were independent contractors. That conflict supported the trial court's determination that Elder has the right to independent counsel.

Given this conclusion, we need not consider CastlePoint's additional assertion that the mere filing of the declaratory relief action did not create a conflict.

7

## III

### *Disqualification of the Koeller Firm*

CastlePoint contends that, even if the trial court correctly determined that Elder was entitled to independent counsel, it erred by disqualifying the Koeller firm. According to CastlePoint, the Koeller firm should still be able to represent CastlePoint.

For this position, CastlePoint relies on subdivision (f) of Civil Code section 2860, which states: "Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation. Counsel shall cooperate fully in the exchange of information that is consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of his or her duty to cooperate with the insurer under the terms of the insurance contract."

We disagree with CastlePoint's contention. The Koeller firm simultaneously represented Elder and CastlePoint. Therefore, the proper course was to disqualify that firm. (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284.) Here, we must assume that the Koeller firm received confidential information from Elder when assisting Elder in, among other things, responding to the interrogatories concerning whether Elder hired subcontractors. If the Koeller firm had not simultaneously represented Elder and CastlePoint, but instead represented CastlePoint only, it might be allowed to further participate in the litigation pursuant to Civil Code section 2860, subdivision (f). But that was not the case here. Accordingly, the trial court did not err by disqualifying the Koeller firm.

DISPOSITION

The order disqualifying counsel is affirmed.  Schaefer and Elder are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


       NICHOLSON      , J.


We concur:


     BLEASE     , Acting P. J.


     DUARTE    , J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| STEVE SCHAEFER, | C068229 |
| Plaintiff and Respondent, | (Super. Ct. No. PC20070686) |
| v. | ORDER OF PUBLICATION |
| KELLY ELDER, | |
| Defendant and Respondent; | |
| CASTLEPOINT NATIONAL INSURANCE COMPANY, | |
| Intervener and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Nelson Keith Brooks, Judge. Affirmed.

Grant, Genovese & Baratta, James M. Baratta, Lance D. Orloff, and Michael S. Frey for Intervener and Appellant.

Palmer J. Swanson, Leo L. Ashley III, Law Office of Eugene P. Haydu, and Eugene P. Haydu for Plaintiff and Respondent.

Murphy, Campbell, Guthrie & Alliston, George E. Murphy, George A. Guthrie, and Jon Douglas Durham for Defendant and Respondent.

THE COURT:

For good cause it now appears that the opinion in the above-captioned case filed herein on May 16, 2013, should be published in the Official Reports. It is so ordered.

FOR THE COURT:


        BLEASE        , Acting P. J.


        NICHOLSON      , J.